# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1134V

| | |
|---|---|
| ETHEL LOVE,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: September 3, 2021<br><br>Compensation Under the Vaccine Program; Offset; Section 15(g); Claim of Subrogation; Section 15(h); Medicare; Special Processing Unit (SPU) |

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA**,** for Petitioner.

*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC, for Respondent.

**RULING ON INABILTY TO CLAIM MEDICARE HEALTHCARE INSURANCE OFFSET AGAINST VACCINE PROGRAM DAMAGES AWARDS[1]**

　　　　On August 5, 2019, Ethel Love filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.[2] (the "Vaccine Act"). Petitioner alleged that she suffered left shoulder injuries related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine she received on October 14, 2016. Petition at 1; Stipulation, filed August 31, 2021, ¶¶ 2, 4. On August 31, 2021, I entered a decision awarding Petitioner compensation based on the joint stipulation filed by the parties. (ECF No. 26).

　　　　Approximately two weeks prior, on August 19, 2021, Petitioner's counsel contacted the Court to advise that the Medicare division of the Centers for Medicare & Medicaid Services (CMS) has expressed an intent to assert a lien on her damages award in this

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). I intend to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

case. *See* Informal Remark, dated Aug. 19, 2021. Petitioner therefore requests a "ruling" concerning how Sections 15(g) and (h) of the National Childhood Vaccine Injury Compensation Program (the "Vaccine Act")[2] pertains to the present case. In other words, Petitioner seeks to clarify whether Medicare is entitled to reimbursement of benefits that it has paid now that Petitioner is receiving compensation in her Vaccine case.

Under the Vaccine Program, a petitioner may recover actual and projected unreimbursable expenses, lost wages, and pain and suffering, and an award of $250,000 if the injury resulted in death. Section 15(a); *see also Helman v. Sec'y of Health & Human Servs.*, No. 10-813V, 2014 WL 3589564, at *1 (Fed. Cl. Spec. Mstr. June 24, 2014) (citing *Bruesewitz v. Wyeth, LLC*, 131 S.Ct. 1068, 1074 (2011)). But such compensation elements are limited by subsequent sections of the Act. Thus, punitive and exemplary damages are prohibited, and for unreimbursable expenses and pain and suffering, compensation may be provided only for the "health, education, or welfare of the person who suffered the vaccine-related injury." Section 15(d).

Additionally, total recoverable compensation for an established vaccine injury can be offset by amounts paid or expected to be paid under an insurance policy and certain State or Federal programs. Section 15(g).[3] Thus, the Vaccine Act always and by its own terms functions as a *secondary payer* to a petitioner's health care insurance. Any entitlement award paid to a petitioner *cannot* include amounts already paid, or expected to be paid, under his or her existing health care insurance policy. The Act also prohibits any health insurance policy from "mak[ing] payment of benefits under the policy secondary to the payment of compensation under the Program." Section 15(h). Although the Program has long represented that payments received from Medicaid for health care needs associated with a vaccine injury should be reimbursed (and hence constitute a lien against any Vaccine Program award), no other health care compensation or insurance

---

[2] The National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq*. Hereafter, individual section references will be to 42 U.S.C. §300aa of the Act.

[3] Section 15(g) states:

> Payment of compensation under the Program shall not be made for any item or service to the extent that payment has been made, or can reasonably be expected to be made, with respect to such item or service (1) under any State compensation program, under an insurance policy, or under any Federal or State health benefits program (other than under title XIX of the Social Security Act [42 U.S.C. 1396 et seq.]), or (2) by an entity which provides health services on a prepaid basis.

program receives the same protections. *See e.g., Helman v. Sec'y of Health & Hum. Servs.*, No. 10-813V, 2014 WL 3589564, at *1 (Fed. Cl. June 24, 2014).

In light of the above, it is readily evident that the plain language of the Vaccine Act *does not authorize reimbursement* for benefits already paid in this case under Petitioner's Medicare health care insurance policy.[4] **This means that Petitioner's insurer cannot be reimbursed by the Vaccine Program for its payments for Petitioner's treatment in connection with the injury, sickness, accident, or condition which has been alleged**. Petitioner shall so inform any entity that indicates the intent to act in controversion of the Act's requirements.

Any questions regarding this order or about this case generally may be directed to OSM Staff Attorney, Francina Segbefia, at (202) 357-6358 or Francina_Segbefia@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] I and other special masters have issued similar rulings in other cases, with the goal of informing secondary parties that they are not entitled to receive part of Vaccine Program awards. *See Gram v. Sec'y of Health & Human Servs.,* No. 15-0305V, 2018WL 2015 WL 7166097 (Fed. Cl. Spec. Mstr. Sept. 29, 2015); *Dashty v. Sec'y of Health & Human Servs.,* No. 15-0966V, 2018 WL 2411049 (Fed. Cl. Spec. Mstr. Mar. 5, 2018); *Kuhl v. Sec'y of Health & Human Servs.,* No. 16-1716V, 2018 WL 4391002 (Fed. Cl. Spec. Master May 24, 2018); *Fennig v. Sec'y of Health & Human Servs.,* No. 17-2019V, 2018 WL 7247224 (Fed. Cl. Spec. Mstr. Dec. 17, 2018). *Fennig* involved a self-funded ERISA insurance plan. 2018 WL 7247224, at *1.